**D.C., Individually and as Guardian Ad Litem of S.K., an incompetent minor; S.K., an incompetent minor gal D.C., Plaintiffs—Appellants,**

v.

**Patricia HAMAMOTO, in her official capacity as Superintendent of the Hawaii Public Schools; Mark Recktenwald, in his official capacity as Director of the Hawaii Department of Commerce and Consumer Affairs, Defendants—Appellees.**

No. 03–16352.

D.C. No. CV–03–00153–HG/KSC.

United States Court of Appeals, Ninth Circuit.

Submitted May 4, 2004.*

Decided May 7, 2004.

---

* This panel unanimously finds this case suit-

Carl M. Varady, Honolulu, HI, for Plaintiffs–Appellants.

Aaron H. Schulaner, Office of Attorney General, Holly T. Shikada, Department of the Attorney General, Honolulu, HI, for Defendants–Appellees.

Before FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

### MEMORANDUM***

Appellant D.C. appeals the district court's July 14, 2003 dismissal of her complaint for failure to exhaust administrative remedies. We affirm.

D.C. contends that her child, S.K., is eligible for special education services under the Hawaii Administrative Rules implementing the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1411 *et seq.* The Department of Education of the State of Hawaii ("DOE") has not yet made an initial determination regarding S.K.'s eligibility. The record indicates that the DOE has never been asked to make a determination regarding S.K.'s eligibility. However, the DOE has an independent obligation to "[i]dentify all students with a disability residing in the State ... who are in need of special education and related services." Haw. Admin. Rules § 8–56–4(a)(1).

On February 6, 2003, D.C. filed a request for a hearing before an impartial hearing officer regarding S.K.'s eligibility for services. A hearing before an impartial hearing officer was scheduled for April 7, 2003. Before the hearing, D.C. moved

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

for a declaratory ruling that the hearing officer was authorized to make an initial determination regarding S.K.'s eligibility for special education services. The hearing officer denied D.C.'s motion on March 28, 2003, noting, "It is not disputed that in this matter, a 'team of qualified professionals [from the school district] and the parent of the student' have not yet made a determination of eligibility in accordance with Hawaii Administrative Rules ('HAR') § 8–5610(a)." The hearing officer's order indicated that "appropriate remedies will be ordered" after the scheduled hearing on April 7, 2003 should the hearing officer determine that the DOE had a duty to assess S.K.

Rather than waiting for the April 7, 2003 hearing, D.C. filed a complaint in the United States District Court for the District of Hawaii on April 3, 2003 pursuant to the IDEA and 42 U.S.C. § 1983. D.C. sought declaratory and injunctive relief ordering the hearing officer to make the initial determination regarding S.K.'s eligibility for special education services.

We review de novo a dismissal for failure to exhaust administrative remedies under the IDEA. *Doe v. Arizona Dep't of Educ.*, 111 F.3d 678, 681 (9th Cir.1997). "Judicial review under the IDEA is ordinarily available only after the plaintiff exhausts administrative remedies." *Id.* at 680–81. The exhaustion requirement "allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children." *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1303 (9th Cir.1992). D.C. filed her federal complaint at the commencement of the state administrative process, four days before the scheduled hearing before an impartial hearing officer. She has thus failed to satisfy the exhaustion requirement.

Exhaustion is not required, however, "if it would be futile or offer inadequate relief, or if the agency has adopted a policy or pursued a practice of general applicability that is contrary to the law." *Doe*, 111 F.3d at 681 (internal citations and quotation marks omitted). The party alleging an exception to the exhaustion requirement bears the burden of proof. *Id.* D.C. cannot show that exhaustion would be futile or offer inadequate relief. The hearing officer indicated that she would order "appropriate remedies" if she determined at the April 7, 2003 hearing that the DOE improperly refused to assess S.K. D.C. has also failed to identify "systemic" or "structural" flaws in the administrative process that create a potential exception to the exhaustion requirement. *Id.*

D.C.'s reliance on *Hacienda La Puente Unified Sch. Dist. v. Honig*, 976 F.2d 487 (9th Cir.1992) in support of her argument that the hearing officer's preliminary decision was facially invalid is also misplaced. In *Hacienda*, a California special education hearing officer determined that a child required special education services and that the school district had wrongly denied him protection under the IDEA. The school district challenged the hearing officer's determination in federal court. We affirmed the district court's dismissal of the school district's complaint. Unlike the present case, however, the child's mother had requested a school evaluation for special education services and requested an administrative hearing *after* the school tested the child and concluded that he did not qualify for special education. *Id.* at 489. *Hacienda* supports the position that D.C. should first be required to exhaust administrative

remedies before bringing a federal complaint.

D.C.'s remaining argument that the district court erred by considering evidence outside the pleadings in support of the motion to dismiss is without merit. Nothing in the district court's order relied on any potentially disputed or unsupported facts. As a matter of law, the district court properly dismissed D.C.'s complaint for failure to exhaust administrative remedies.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.